IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 6:24-CR-00146-JCB |
| v. | § |
| | § |
| | § |
| TANYA ANDREWS | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 24, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Tanya Andrews. The government was represented Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute a Controlled Substance, a Class A felony. This offense carried statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. On December 2, 2019, U.S. District Judge Karen E. Schreier of the Southern District of South Dakota sentenced Defendant to 120 months imprisonment, later reduced to 60 months, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include participation in a community mentoring program, participation in a cognitive behavioral training program, participation in a residential reentry center, substance abuse testing and treatment, mental health treatment, and a search condition. On

June 29, 2023, Defendant completed her period of imprisonment and began service of the supervision term. On November 27, 2024, jurisdiction of this matter was transferred to this district.

Under the terms of supervised release, Defendant was required to refrain from unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated her conditions of supervised release on November 8, 2024, March 14, 2025, January 2, 2025, and January 3, 2025, when she provided a urine specimen that tested positive for methamphetamine. The government submits that Fifth Circuit case law permits the court to find that illicit drug use constitutes possession.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the criminal offense of possession of methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that she be sentenced to 21 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve her sentence at FPC Bryan, TX, if available, and

that Defendant receive drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of April, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE